**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDDY TJIUDININGRAT; JULIENTJE NONA MATINDAS; FERLI FRANKLY SUTIAWAN; JONATHAN FERDINAND, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73787 <br><br> Agency Nos.    A079-539-702 <br> A079-539-572 <br> A079-539-573 <br> A079-539-573 <br> A079-539-574 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2014
Pasadena, California

Before: NOONAN and BERZON, Circuit Judges, and SABRAW, District Judge.**

Petitioners Freddy Tjiudiningrat, Julientje Matindas, Ferli Sutiawan, and

Jonathan Ferdinand, natives and citizens of Indonesia, petition for review of a final

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The Honorable Dana M. Sabraw, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

order of the Board of Immigration Appeals ("BIA") denying their petition for withholding of removal.

We review the BIA's factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). For the reasons below, we deny the petition for review.

To qualify for withholding of removal "under the disfavored group approach, an applicant . . . must show that his chance of future persecution is greater than fifty percent," or more likely than not. *Wakkary*, 558 F.3d at 1065. An asylum applicant, by contrast, need show only "a ten percent chance of future persecution." *Id.* at 1052; *see also Sael v. Ashcroft*, 386 F.3d 922, 926 (9th Cir. 2004). "[A]n applicant for withholding . . . [therefore] need[s] to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant . . . because the ultimate bar for withholding is higher." *Wakkary*, 558 F.3d at 1066.

Among other modes of proof, "a withholding applicant may demonstrate that his fear of future persecution rises to the requisite level of objective reasonableness [i.e. the fifty percent threshold] either by showing a 'pattern or practice of persecution,' or by showing that he will be 'singled out individually'" as a member of a disfavored group. *Id.* at 1052. "[A] petitioner's membership in

2

a disfavored group is not sufficient *by itself* to meet her ultimate burden of proof; '*some* evidence of individualized risk is necessary for the petitioner to succeed.'" *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) (quoting *Wakkary*, 558 F.3d. at 1065).

The BIA determined that Petitioners had not adduced sufficient individualized evidence of risk to satisfy even the ten percent likelihood asylum threshold, much less the fifty percent likelihood threshold for withholding of removal:

> The respondents testified that the lead respondent's home was burned in 1965, rocks were thrown at them on occasion, and the lead respondent was given unfair treatment at a hospital; the female respondent was mistreated once on a bus and feared rape. While these experiences show discrimination against the respondents in Indonesia, they do not compare to the experiences of . . . [successful asylum and withholding applicants], and, without more, we do not find that they provide sufficient evidence of a clear probability of persecution.

The BIA also determined there was not "sufficient evidence that establishes a pattern or practice of persecution against Chinese Christians."

Petitioners argue that remand is required in order to allow the BIA to reassess their withholding claim under *Tampubolon* because they are members of two different disfavored groups, Chinese Indonesians and Christian Indonesians. *Tampubolon* held that Christians of all ethnicities are a disfavored group in

3

Indonesia. *Id.* at 1062. This Court had previously held that Indonesians of ethnic Chinese descent are a disfavored group in that country, *see Sael*, 386 F.3d at 923, and suggested that Chinese Christians are also a disfavored group, *see id.*; *see also Wakkary*, 558 F.3d at 1067 (noting "the risk of mistreatment and persecution that all Chinese Christians in Indonesia face").

Membership in two disfavored groups does not obviate Petitioners' need to show a sufficiently individualized risk of persecution to qualify for withholding of removal: "a petitioner's membership in a disfavored group is not sufficient *by itself* to meet her ultimate burden of proof; '*some* evidence of individualized risk is necessary for the petitioner to succeed.'" *Tampubolon*, 610 F.3d at 1062 (quoting *Wakkary*, 558 F.3d. at 1065).

Substantial evidence supports the agency's determination that petitioners "experienced insufficient individualized incidents of harm" to qualify for withholding of removal. Even as members of two disfavored groups, Chinese and Christian, the record does not compel the conclusion that Petitioners demonstrated sufficient evidence of singling out to establish a clear probability of future persecution. Accordingly, petitioners' withholding claim fails.

**PETITION FOR REVIEW DENIED.**